16 F.3d 411
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John W. TODD, Plaintiff-Appellant,
v.
James SEWELL; Wayne Hyatt; Terry Brooks; L. Westfield;
Parker EVATT, Defendants-Appellees,
and
Johnny JACOBS, Defendant.
 No. 93-6667.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Dec. 17, 1993.
Decided: Jan. 6, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Joseph F. Anderson, Jr., District Judge. (CA-92-1060-8-17)
 John W. Todd, Appellant Pro Se.
 Robert Eric Petersen, South Carolina Department of Corrections, Columbia South Carolina, for Appellees.
 D.S.C.
 DISMISSED.
 Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 John W. Todd, a South Carolina state inmate, appeals the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. Sec. 1983 (1988) action. Because we find that this appeal is moot, we dismiss.
 
 
 2
 Todd filed a civil rights complaint against several prison officials, claiming that they violated his constitutional rights by interfering with his right to practice his religion (Wicca). He filed a motion seeking preliminary injunctive relief, claiming that he was stabbed once in prison because of his religious beliefs and that prison officials transferred him six times in the past five years and prevented outside Wiccan priests and priestesses from visiting him and other Wiccan inmates. He also claimed that a prison chaplain showed videotapes at the prison depicting Wiccans as devil worshippers. Todd sought an order preventing Defendants from transferring the Wiccan worshippers to other facilities and enjoining Defendants from inciting inmates against them. The district court denied preliminary injunctive relief and Todd appealed.
 
 
 3
 After Todd filed his appeal, the district court entered summary judgment for all Defendants on August 6, 1992. Todd has not filed an appeal of the final judgment.*
 
 
 4
 A preliminary injunction is superseded by entry of final judgment on the merits. See United States ex rel. Bergen v. Lawrence, 848 F.2d 1502, 1512 (10th Cir.), cert. denied, 488 U.S. 980 (1988); see also
 
 
 5
 Cypress Barn, Inc. v. Western Elec. Co., 812 F.2d 1363, 1364 (11th Cir.1987) (due to interlocutory nature, preliminary injunction cannot survive a final order dismissing action). "Once a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction." Burton v. Georgia, 953 F.2d 1266, 1272 n. 9 (11th Cir.1992). Because final judgment has been entered in this case, this Court cannot provide relief from the district court's denial of Todd's preliminary injunction motion.
 
 
 6
 We therefore dismiss Todd's appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 Todd has filed nothing in this Court since the district court entered its final order. Therefore, there is no document that could be construed as a notice of appeal of the final order under Smith v. Barry, 60 U.S.L.W. 4065, 4066-67 (U.S.1992)